We raised three issues in this appeal and I would like to discuss the first issue and that is whether the district court erred in limiting cross-examination and whether or not the district court was able to do that. Regarding whether evidence that was gathered and provided to the government was gathered by a private citizen or by an agent of the government. Now, the Sixth Amendment does guarantee a right to cross-examination, but the right is not without limit. But here we argue that the district court improperly denied Rosebar the right to cross-examine during both the motions hearing and at the trial. Briefly, the facts... Who is it you... what is it the further cross-examination you want? Wanted to cross-examine in particular the agents, the law enforcement officer Tucci and then there was an investigator. Cross-examined them about whether Mr. Brooks provided documents to him, whether Mr. Brooks... Was there an attempt to cross-examine them the first time they were up to testify? I'm speaking now at the motions hearing. This was the first time they testified. And that's when the cross-examination of those two individuals was limited. It was the belief of counsel for Mr. Rosebar that Mr. Brooks was very involved in the criminal investigation. In fact, there was evidence that in the Superior Court cases, as you know, there were many suits and countersuits all over the place in Superior Court. And as a result of these suits, Mr. Brooks subpoenaed information, bank records, as well as phone records. And... I'm not sure what's wrong with that. What's wrong with that? With subpoenaing, this was a civil case in which those were relevant. Why was that? Was anything wrong with it? Because the purpose behind Mr. Brooks' action was for the criminal investigation. How does that change the legality of using a subpoena to obtain the records? Because if the individual is acting as an agent of the government, and therefore Fourth Amendment protections apply. Well, the district court made an alternative ruling here that even if he did, it wouldn't matter because he has no Fourth Amendment interest in these materials that were turned over to third parties. The judge did say that in places, but the judge also said... So the judge made an alternative ruling. I didn't see in your brief anywhere that you challenged on appeal that alternative ruling. Did I miss it? Well, I did not raise it in my brief. I responded in my reply brief because the government... Okay, but you haven't challenged the legal basis for the district court's alternative ruling. Well, because the district court stated at the time of the hearing that unless there's stronger evidence, you've shown that Mr. Brooks wants the government to open the cases and prosecute the cases and issue the grand jury subpoenas, that they had Brooks operating as their agent. I don't see that, but if it's true, it's a problem. Well, I'm not sure why it is a problem. If he could legally obtain them, he could legally obtain them. If he legally obtained them, he could give them to the government. I don't... But if he was working at the direction of the government, if he was working as an agent of the government, there are some... Suppose he was. Now, if he had been working at the direction of the government and had done an illegal search, he might have a case. But a lawful subpoena in a civil case is not a search, is it? I believe that under the court's indulgence, under the Rights to Financial Privacy Act, that there is a violation if those records were subpoenaed without going through the requirements of that particular statute. And that statute, as I pointed out... Once he had obtained them and lawfully had them, was there any violation of any law if he turned them over to the government? Excuse me, I'm sorry? Was there any violation of any law if he turned them over to the government, if he lawfully obtained them? I mean, we don't know that he did obtain... that he was working with the government at all. But assuming he was, why is there any violation if he lawfully obtained them for relevant evidence in a civil case? Because it's the position of counsel and the district court that he was obtaining these things not for the purpose of the civil cases, but for the purposes of the criminal investigation. In fact, Mr. Brooks testified in one of the depositions... Where have you disputed the district court's conclusion, J. 209, that he had no Fourth Amendment interest in these documents anyhow? I believe that what the judge was talking about was there was no Fourth Amendment protection because Mr. Brooks was a private citizen. No, no, Frank Rose. Because these are documents that have all been turned over to his information, it's all in the hands of third parties. Right, but I think the whole point was that the judge was acting under the belief that Mr. Brooks was a private citizen, and therefore... What is his Fourth Amendment interest, protected interest, in, for example, the phone records? Because it's... It doesn't matter who collects it. What Fourth Amendment privacy interest did he have in the phone records? Because that information was used to sway the testimony of the witnesses. In fact, there's all kinds of evidence that sways the testimony of jurors that people don't have Fourth Amendment interest in. Right, but Mr. Brooks actually tracked down these particular people by using the phone records. He paid them... Again, I still don't understand what Mr. Rosebar's Fourth Amendment interest in the phone records was. His interest in the phone records was that those records were used to... No, no, what privacy? What case do you have that recognizes a Fourth Amendment privacy interest? Privacy interest protected by the Fourth Amendment in the phone records. I will say I have nothing regarding the phone records. And as for the bank records? The bank records, we have the Privacy Act, which was... Which you didn't raise until your reply brief. Was that raised at district court? No, it was not. It was not. It wasn't raised here until your reply brief. Right, because... And there's no suppression remedy under the Bank Act. The fact that it's protected by a statute doesn't mean it's protected by the Fourth Amendment. I know, but I believe that the statute was enacted in response to the Miller case. Now, obviously, Congress can't tell the Supreme Court that it was in error, but I think that Congress, by enacting this particular... Congress can create statutory rights, but not Fourth Amendment rights. I think that is Congress's way of saying that this is, in fact, a protected right. And you are correct, this was not raised below, I believe, counsel's... Or in your opening brief. Exactly. Well, until the reply brief. Right. And I think that it was counsel's belief below that the judge was saying that there was no Fourth Amendment protected right in these things because Mr. Brooks was a civil... Was a civilian, was not an agent of the government. And I think the bottom line here is that what did the government have to lose by allowing brief cross-examination on this issue? It would have entailed very few questions, and it would have gotten... Set the record straight as to what Mr. Brooks was doing, whether the government was directing his actions, and whether the government was using what Mr. Brooks provided to them. Mr. Brooks said that he's the one who first contacted Officer Tucci. And he also said that he didn't... That he was doing all of this because he wanted Mr. Rosebar in jail, not because he wanted his $30,000 back, because he wanted him locked up. And that is why he kept going through the officers, through the investigators, providing this information so that Mr... But are you familiar with the Wren case in the Supreme Court, W-H-R-E-N, where the officers allegedly stopped... The officers said they stopped the car because it was violating the intended windshield ordinance. They found drugs when they got in there. The defendant's position was that, well, they were really looking for the drugs all the time.  And the Supreme Court said, well, it didn't matter what the real motive was. If they had a legal right to stop him, they had a legal right to stop him. And then they found the drugs. So isn't this sort of the same thing that, assume for a moment that he was acting because the government... It seemed to be a good idea if you got those. Nonetheless, if he had a right to subpoena them in a civil action, how did he lose that right just because he was trying to be a good citizen and help with an investigation? Because he was not subpoenaing this information for the civil action. I'm assuming that. You're saying that the motive involved could take away the legal authority to do something. And I'm saying under Wren, that doesn't sound right, does it? Well, I think there's another case, I don't know the name of it off the top of my head, where I believe it was a UPS clerk going through... Yes, and they held that that was improper and illegal because the person was an agent of the government. Now here... But you didn't have a legal right to go through them in the first place, did you? If the person was acting as an agent of UPS, well then, yes, they have the right to see what's in the packages. Okay. And if there's no further questions, I'll save my 30 seconds for rebuttal. Thank you. May it please the Court, Peter Smith on behalf of the United States. The district court did not abuse its discretion. Appellants claim that the district court improperly foreclosed cross-examination. I want to initially point out that there wasn't any witness testimony during the hearing. The question that the court was addressing was whether to hold an evidentiary hearing at all on this question about Brooks' involvement in the government's investigation in this case. And the district court said that it didn't need to hold an evidentiary hearing, and it gave a number of reasons. One of those reasons, as the court pointed out earlier this morning, was it's holding that there was no Fourth Amendment violation anyway. Even assuming that Brooks was acting on behalf of the government, the government still had a right to the material because it was held by a third party. The Smith case and the Miller case make that clear. Appellant has argued in her reply that there's a statute that sort of supersedes that. That argument, first of all, comes too late. And second of all, it doesn't override the Fourth Amendment precedent that this court is bound to apply. The government cited Carpenter in its brief. The Carpenter continued to recognize that Smith and Miller are alive or a vibrant Fourth Amendment principle as recently as 2018. So if the court has no questions for the government, I would urge the court to affirm the judgment of the district court. Thank you. Is that 30 seconds? We'll go ahead and give you two minutes. Unless the court has additional questions, we would ask. Do you agree there were no witnesses? I do agree, yes. So what was their cross? Well, there would have been, I assume that the government would have put on testimony that Mr. Brooks and what Mr. Brooks' involvement was, and then there would be cross-examination on what exactly Mr. Brooks' actions were, and whether they were at the direction of the government, and to get a full picture of what exactly Mr. Brooks' part in the criminal investigation was. Ms. Davis, you are appointed by the court to represent the appellant in this case. And the court thanks you for your assistance. The case is submitted.
judges: Millett, Katsas, Sentelle